UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| CINEMEX USA REAL ESTATE HOLDINGS, INC., CINEMEX HOLDINGS USA, INC., and CB THEATER EXPERIENCE LLC, | Case No. 20-14695-LMI<br><br>(Jointly Administered) |
| Debtors.[1] | |

_____/

**RCG-GULF SHORES, LLC'S BRIEF IN OPPOSITION TO
DEBTORS' MOTION ABATING PERFORMANCE OF OBLIGATIONS
UNDER UNEXPIRED REAL PROPERTY LEASES**

RCG-Gulf Shores, LLC as successor to Colonial Realty Limited Partnership ("RCG"), through its undersigned counsel, submits its Brief in Opposition ("Brief in Opposition") to Debtors' Motion Abating Performance of Obligation Under Unexpired Real Property Lease [ECF No. 92] (the "Motion") and Brief in Support of the Motion [ECF No. 299] ("Brief in Support"), and in support of its Brief in Opposition respectfully states as follows:

**SUMMARY OF THE ARGUMENT**

1.  Alabama law and the language of the Lease (defined below) between RCG and the Debtors governs the issue of whether abatement is appropriate here. The Debtors raise the novel argument that certain orders issued by the State of Alabama mandating a closure of movie theaters

---

[1] The Debtors in these cases and the last four digits of each Debtor's federal tax identification number are as follows: Cinemex USA Real Estate Holdings, Inc. (2194), Cinemex Holdings USA, Inc. (5502), and CB Theater Experience LLC (0563). The address for the Debtors is 175 South West 7th Street, Suite 1108, Miami, Florida 33130.

1

for a limited period of time are akin to a condemnation or taking of property, and therefore, the Debtors are entitled to abatement under the Lease.

2. While RCG is sympathetic to the Debtors' plight, but the Debtors' position is contrary to Alabama law, and the language of the Lease which makes clear the Alabama orders at issue in no way constitute a taking, and in no way relieve the Debtors of their obligations to pay rent under the Lease.

3. RCG is still obligated to make debt service payments on the underlying Premises, and there is no authority to allow the Debtors to abate their rental obligations at RCG's expense.

## PROCEDURAL BACKGROUND

4. On April 25, 2020 and April 26, 2020 (the "Petition Dates"), the Debtors each filed their voluntary petitions for relief under Chapter 11 of Title 11, United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of Florida (Miami Division) (the "Court").

5. Since the Petition Dates, the Debtors have remained in possession of their properties and have continued to operate their businesses as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

6. Prior to the Petition Dates, CB Theater Experience LLC as assignee of Cobb Theatres III, LLC[2] entered into a *Lease Agreement* dated July 6, 2004, as amended (the "Lease") with RCG wherein RCG agreed to lease space to the Debtors containing approximately 53,170 square feet located at The Pinnacle at Gulf Shores in Gulf Shores, Alabama (the "Premises"), which currently expires on July 31, 2025, subject to certain options to extend the

---

[2]   Cobb Theatres III, LLC assigned the Lease to CB Theater Experience LLC pursuant to a Lease Assignment and Assumption, dated as of December 8, 2017 (the "Assignment"). RCG does not currently have an executed copy of the Assignment.

term of the Lease. A true and correct copy of the Lease and applicable amendments are attached to this Brief in Opposition as **Exhibit A**.

7. As of the Petition Dates, the Debtors owed RCG $94,909.80 (the "Prepetition Arrearage")[3] in base rent and additional rent under the terms of the Lease.

8. Since the Petition Dates, the Debtors have failed to make any payments to RCG under the Lease, including stub rent for April, May, or June. As of the date of this Brief in Opposition, in addition to the Prepetition Arrearage, the Debtors owe RCG $145,006.73[4] in post-petition base and additional rent under the Lease.[5]

9. On May 12, 2020, the Debtors filed the Motion which seeks, among other things, to defer rent for May and June, and indefinitely abate rent altogether (the "Abatement Request") under its various unexpired non-residential real property leases, including the Lease. *See* Motion at ¶¶ 27-32.

10. On May 26, 2020, the Court entered an Order [ECF No. 145], which due to a scrivener's error on May 27, 2020 was replaced by a Corrected Order [ECF No. 157] (the "Deferral Order") approving the Motion to the extent provided therein. The Deferral Order established: (i) May 29, 2020 as the deadline for lessors to file requests for adequate protection, (ii) June 17, 2020 as the Debtors' deadline to file a supplement to their Abatement Request, and (iii) June 24, 2020, as the deadline for landlords to file objections to the Abatement Request.

---

[3] This amount includes rent and charges for April 1, 2020 through April 25, 2020.

[4] This amount includes rent and charges for April 26, 2020 through April 30, 2020.

[5] Further, as of July 1, 2020, the Debtors will also owe July 2020 rent to RCG under the terms of the Lease, including minimum rent in the amount of $58,619.93 as well as other obligations due under the Lease.

3

11.     Several of the Debtors' landlords (the "Objecting Landlords") filed objections to the relief requested in the Motion (collectively, the "Landlord Objections"). *See* [ECF Nos. 113 and 118]. On May 28, 2020, RCG filed a Limited Objection [ECF No. 162], which adopted the Landlord Objections and demanded adequate protection related to the Debtors' deferred obligations under the Lease.

12.     On June 17, 2020, Debtors filed their Brief in Support. RCG now responds to the Abatement Request and the Brief in Support.

## STATEMENT OF FACTS

13.     The Lease is the only unexpired lease that is the subject of the Motion that is held by RCG as landlord, and is the only lease addressed in this Brief in Opposition.

14.     The Lease relates to property located in Gulf Shores, Alabama, and Article 44 of the Lease provides that the Lease is governed by the laws of Alabama. *See* Lease, attached hereto as **Exhibit A**.

15.     Article 4 of the Lease requires the Debtors to pay annual minimum rent in equal monthly installments on the first day of each month during the term of the Lease. *Id.*

16.     The Lease does not contain a traditional *force majeure* clause or any other provision absolving Debtors of their obligations under Article 4 to pay rent under any circumstances for acts of God.[6]  *Id.*

17.     Article 25 of the Lease does provide certain relief for Debtors in the event the Premises is the subject of a condemnation action, and the Premises is "expropriated." *Id.*

---

[6]     Article 8.1 of the Lease defines *force majeure*, but Article 15 only addresses a delay in the initial opening of the theater if an event meeting the definition of "force majeure" delays construction. The Debtors do *not* contend in either the Motion or in the Brief in Support that either of these sections of the Lease applies to their Abatement Request.

4

**ARGUMENT AND CITATION OF AUTHORITY**

 **A.** **The Debtors' Abatement Request as to RCG is Solely Based on Condemnation.**

 18. The Motion and Brief in Support seek abatement of rent for thirty-one (31) leases. The Debtors group those leases into three "buckets" identified in Exhibits A, B, and C to their Brief in Support. The Debtors only identified the Lease under Exhibit A, which addresses leases where the Debtors seek abatement based on condemnation clauses contained in the subject leases. Notably, the Lease is *not* identified in Exhibits B and C where the Debtors seek relief pursuant to the common law doctrines of impossibility of performance and/or frustration of purpose (Exhibit B) and under *force majeure* clauses (Exhibit C).

 19. This is consistent with the provisions of the Lease, which does *not* include an applicable *force majeure* clause such as the clauses for the leases identified in Exhibit C of the Brief in Support. Moreover, Alabama common law does not recognize the common law doctrines of impossibility of performance and/or frustration of purpose addressed in Exhibit B. *See Silverman v. Charmac, Inc.*, 414 So. 2d 892, 894 (Ala. 1982) ("Where one by his contract undertakes an obligation which is absolute, he is required to perform within the terms of the contract or answer in damages, despite an Act of God, unexpected difficulty, or hardship, because these contingencies could have been provided against by his contract.") (internal quotations and citations omitted). Accordingly, the only basis in which the Debtors could conceivably be entitled to abatement with respect to the Lease is condemnation.

 **B.** **The Debtors are Not Entitled to Abatement Based on a Theory of *De Facto* Condemnation.**

 20. Debtors seek abatement of rent under Article 25.3 of the Lease from March 27, 2020 until the reopening of the theater located at the Premises *and* through at least July 31, 2020.

5

*See* Brief in Support at ¶¶ 7-14 and Exhibit A, #24.  Article 25.3 provides certain relief when more than 20% of the Premises is condemned, and provides:

> . . .Landlord shall, at its sole cost and expense, promptly upon receipt of the condemnation proceeds applicable to the building and the land and to the extent thereof and with due diligence restore said building, as nearly as practicable, to a complete unit of like quality and character as existed just prior to such expropriation.  The Annual Minimum Rental and other charges payable by Tenant hereunder shall equitable abate during the period of demolition and restoration.

*See* Lease, attached hereto as **Exhibit A**.

21.  The Debtors also seek abatement based on Alabama's Order of the State Health Officer dated March 27, 2020 closing movie theaters temporarily due to COVID-19 until May 21, 2020 when a subsequent Order of the State Health Officer allowed movie theaters to reopen at 50% capacity (the "Orders").  *See* Brief in Support at ¶¶ 7-14 and Exhibit A, #24.  However, the Motion and Brief in Support simply group the Lease with other leases in Exhibit A, and fail to make any attempt to address the specific terms of the Lease or Alabama law related to condemnation.

22.  The Orders do not constitute a government taking that would invoke Article 25.3 of the Lease as a matter of law.  The Alabama Supreme Court has stated:

> Section 235 of the Alabama Constitution provides that entities invested with the privilege of taking property for public use… 'shall make just compensation ... for the property taken, injured, or destroyed by the construction or enlargement of its works, highways, or improvements, which compensation shall be paid before such taking, injury, or destruction.' Ala. Const. 1901, Art. XII, § 235.  Section 235 does not expressly discuss inverse condemnation; however, statutes and this Court's case law have long recognized that, if an entity holding eminent-domain powers fails to make compensation before taking, injuring, or destroying private property, the aggrieved property owner is entitled to assert an inverse-condemnation claim against that municipal corporation.

*Housing Authority of Birmingham Dist. v. Logan Properties, Inc.*, 127 So. 3d 1169, 1173 (Ala. 2012).  "Applying § 235, a plaintiff asserting an inverse-condemnation claim is required to put

forth substantial evidence of the following elements: (1) that the defendant is an entity 'invested with the privilege of taking property for public use'; (2) that the plaintiff's property was "taken, injured, or destroyed"; and (3) that that taking, injury, or destruction was caused "by the construction or enlargement of [the defendant's] works, highways, or improvements." *Id*. at 1174 (quoting *Mahan v. Holifield,* 361 So. 2d 1076, 1079 (Ala. 1978)) ("[Section 235] has been interpreted to support a cause of action by a private landowner whose property is taken or damaged by a municipality as a consequence of its acts of construction or enlargement.").

23. In *Housing Authority of Birmingham Dist. v. Logan Properties, Inc*., Logan Properties claimed that the Housing Authority's actions toward neighboring properties and failed pursuit to condemn the subject property so devalued the subject property as to constitute a de facto "taking." *Housing Authority of Birmingham*, 127 So. 3d at 1172. The court disagreed and reversed the lower court's denial of summary judgment to the Housing Authority. *Id.* at 1177. "It is undisputed in this case that [the Housing Authority] never seized, occupied, or exercised control over the Patio Court property or the adjacent triplex owned by Logan Properties. It is likewise undisputed that [the Housing Authority] never took any action that physically injured or had any direct physical impact upon those properties." *Id*. at 1174 "Section 235 specifically requires municipalities and other corporations 'invested with the privilege of taking property for public use' to make 'just compensation' for 'property taken injured, or destroyed by the construction or enlargement of its works, highways, or improvements,' *where there is evidence of some direct physical injury to the property.*" (emphasis added in original) *Id*. (citing *Reid v. Jefferson Cnty., 672* So. 2d 1285 (Ala. 1995)).

24. Like the circumstances in *Housing Authority of Birmingham* it is undisputed that the Orders have *not* caused any direct physical injury to the Premises. Moreover, neither the State

7

ACTIVE:12165791.1
15135607v2

of Alabama nor the municipality of Gulf Shores has seized, occupied, or exercised control over the Premises or in any way "used" the Premises. Further, neither the State of Alabama nor the municipality of Gulf Shores has performed construction of any works, highways, or improvements to the Premises. In sum, nothing has been "taken" from the Debtors as is required by Alabama law.

25. Further, the terms of the Lease also support this conclusion and a determination that there has been no taking. First, Article 25.3 of the Lease speaks of condemnation proceeds, demolition, and restoration, none of which have occurred here. Second, as noted above, the provisions of the Lease that provide for *force majeure* relief only during construction of the theater demonstrate that the parties only intended for a *force majeure* event in certain limited situations, but not in events during the Debtors' operation of their business during the term of the Lease. Under these circumstances, Alabama law is clear that contractual parties are bound by the negotiated terms of their agreement related to performance and situations where such performance may be excused. *Silverman*, 414 So. 2d at 894 ("Where one by his contract undertakes an obligation which is absolute, he is required to perform within the terms of the contract or answer in damages, despite an Act of God, unexpected difficulty, or hardship, because these contingencies could have been provided against by his contract.") (internal quotations and citations omitted).

26. Because the Orders do *not* constitute a taking of property under the limited terms of the Lease and applicable Alabama law, no condemnation has taken place, and the Debtors' Abatement Request as to RCG and the Lease should be denied.

8

WHEREFORE, RCG-Gulf Shores, LLC as successor to Colonial Realty Limited Partnership respectfully requests that this Court: (i) deny the Abatement Request as it applies to the Lease, (ii) order the Debtors to pay RCG all post-petition rent that is due and owing under the Lease in amount of not less than $145,006.73, and (ii) grant RCG such other relief as the Court deems just and appropriate.

Dated:  June 24, 2020

Respectfully submitted,

By:  /s/ *Michael B. Green*
  Michael B. Green, FBN:  0087571
  mgreen@gunster.com
  **GUNSTER**
  600 Brickell Avenue
  Suite 3500
  Miami, Florida 33131
  Telephone: 305-376-6000
  Facsimile: 305-376-6010

-and-

  Sean C. Kulka
  Georgia Bar No. 648919
  (Admitted Pro Hac Vice)
  ARNALL GOLDEN GREGORY LLP
  171 17th Street NW, Suite 2100
  Atlanta, GA 30363
  Telephone: (404) 873-8500
  sean.kulka@agg.com

  *Counsel for RCG-Gulf Shores, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing documents was served on June 24, 2020 through the Court's Case Management/Electronic Case Filing system, which sent automatic email notices of electronic filing to all parties indicated on the electronic receipt which include:

Joaquin J Alemany on behalf of Creditor Federal Realty Investment Trust
joaquin.alemany@hklaw.com, jose.casal@hklaw.com

Joaquin J Alemany on behalf of Creditor Gulfstream Park Racing Association, Inc.
joaquin.alemany@hklaw.com, jose.casal@hklaw.com

Joaquin J Alemany on behalf of Creditor PGIM Real Estate
joaquin.alemany@hklaw.com, jose.casal@hklaw.com

Joaquin J Alemany on behalf of Creditor Starwood Retail Partners, LLC
joaquin.alemany@hklaw.com, jose.casal@hklaw.com

Brett M Amron, Esq. on behalf of Debtor Cinemex USA Real Estate Holdings, Inc.
bamron@bastamron.com, mdesvergunat@bastamron.com, jmiranda@bastamron.com, kjones@bastamron.com

Jeffrey P. Bast, Esq. on behalf of Debtor CB Theater Experience LLC
jbast@bastamron.com, jdepina@bastamron.com; kjones@bastamron.com; jmiranda@bastamron.com; mdesvergunat@bastamron.com

Jeffrey P. Bast, Esq. on behalf of Debtor Cinemex Holdings USA, Inc.
jbast@bastamron.com, jdepina@bastamron.com; kjones@bastamron.com; jmiranda@bastamron.com; mdesvergunat@bastamron.com

Jeffrey P. Bast, Esq. on behalf of Debtor Cinemex USA Real Estate Holdings, Inc.
jbast@bastamron.com, jdepina@bastamron.com; kjones@bastamron.com; jmiranda@bastamron.com; mdesvergunat@bastamron.com

Jeffrey P. Bast, Esq. on behalf of Interested Party CB Theater Experience LLC
jbast@bastamron.com, jdepina@bastamron.com; kjones@bastamron.com; jmiranda@bastamron.com; mdesvergunat@bastamron.com

Jeffrey P. Bast, Esq. on behalf of Interested Party Cinemex Holdings USA, Inc.
jbast@bastamron.com, jdepina@bastamron.com; kjones@bastamron.com; jmiranda@bastamron.com;mdesvergunat@bastamron.com

Henry H Bolz on behalf of Creditor VCC, LLC
hbolz@polsinelli.com, robrien@polsinelli.com

Thomas M Byrne, Esq on behalf of Creditor Fuqua BCDC Peachtree Corners Project Owner, LLC
tombyrne@eversheds-sutherland.com, thomas-byrne-2475@ecf.pacerpro.com; nickolebaker@eversheds-sutherland.com

Sara L. Chenetz on behalf of Creditor Sony Pictures Releasing Inc.
schenetz@perkinscoie.com

Shawn M Christianson, Esq. on behalf of Creditor Oracle America, Inc.
schristianson@buchalter.com, cmcintire@buchalter.com

Andrew S Conway on behalf of Creditor Dolphin Mall Associates LLC
aconway@taubman.com

Andrew S Conway on behalf of Creditor Taubman Landlords
aconway@taubman.com

Robert W Davis on behalf of Creditor Federal Realty Investment Trust
robert.davis@hklaw.com, pauline.nye@hklaw.com

Robert W Davis on behalf of Creditor Gulfstream Park Racing Association, Inc.
robert.davis@hklaw.com, pauline.nye@hklaw.com

Robert W Davis on behalf of Creditor PGIM Real Estate
robert.davis@hklaw.com, pauline.nye@hklaw.com

Robert W Davis on behalf of Creditor Starwood Retail Partners, LLC
robert.davis@hklaw.com, pauline.nye@hklaw.com

Ryan E Davis on behalf of Creditor Casto-Oakbridge Venture, Ltd.
rdavis@whww.com, thiggens@whww.com;thiggens@ecf.courtdrive.com

Ryan E Davis on behalf of Creditor Daytona Beach Property Holdings Retail, LLC
rdavis@whww.com, thiggens@whww.com;thiggens@ecf.courtdrive.com

Sean B Davis on behalf of Creditor Mishorim Gold Properties, LP
sbdavis@winstead.com, mmingo@winstead.com

Allison R Day, Esq on behalf of Interested Party EPR Hialeah, Inc.
aday@gjb-law.com, hburke@gjb-law.com;gjbecf@gjb-law.com;chopkins@gjb-law.com;jzamora@gjb-law.com;gjbecf@ecf.courtdrive.com;ecastellanos@gjb-law.com

11

Allison R Day, Esq on behalf of Interested Party EPR Tuscaloosa, LLC
aday@gjb-law.com, hburke@gjb-law.com;gjbecf@gjb-law.com;chopkins@gjb-law.com;jzamora@gjb-law.com;gjbecf@ecf.courtdrive.com;ecastellanos@gjb-law.com

Brian M Dougherty on behalf of Creditor A.P.I. Plumbing, Inc.
bmd@gsrnh.com

David L Gay, Esq. on behalf of Creditor MN Theaters 2006 LLC
dgay@carltonfields.com, cguzman@carltonfields.com; efile@ecf.inforuptcy.com; miaecf@cfdom.net

Andrew Goldman on behalf of Creditor Twentieth Century Fox Film Corporation
andrew.goldman@wilmerhale.com, benjamin.loveland@wilmerhale.com; yolande.thompson@wilmerhale.com

Andrew Goldman on behalf of Creditor Walt Disney Studios Motion Pictures
andrew.goldman@wilmerhale.com, benjamin.loveland@wilmerhale.com; yolande.thompson@wilmerhale.com

Eric Goldstein on behalf of Creditor Neighborhood Health Partnership, Inc.
egoldstein@goodwin.com, bankruptcy@goodwin.com;bankruptcyparalegal@goodwin.com

Eric Goldstein on behalf of Creditor UnitedHealthcare Insurance Company
egoldstein@goodwin.com, bankruptcy@goodwin.com;bankruptcyparalegal@goodwin.com

Michael B Green on behalf of Creditor RCG-Gulf Shores, LLC as successor to Colonial Realty Limited Partnership
mgreen@gunster.com, virastorza@gunster.com

Nicole Grimal Helmstetter on behalf of Creditor Closter Marketplace (EBA), LLC
ngh@agentislaw.com, nsocorro@agentislaw.com; bankruptcy@agentislaw.com; ngh@ecf.inforuptcy.com

Nicole Grimal Helmstetter on behalf of Creditor WS/CIP II Tampa Owner LLC
ngh@agentislaw.com, nsocorro@agentislaw.com; bankruptcy@agentislaw.com; ngh@ecf.inforuptcy.com

Stephan Hornung on behalf of Creditor Paramount Pictures Corporation
hornung@lsellp.com

Marsha A Houston on behalf of Creditor Universal Film Exchanges, LLC
mhouston@reedsmith.com, hvalencia@reedsmith.com

John B. Hutton III, Esq. on behalf of Creditor The Graham Companies
huttonj@gtlaw.com, mialitdock@gtlaw.com;miaecfbky@gtlaw.com;perezan@gtlaw.com

12

Harris J. Koroglu on behalf of Creditor GT RP Halcyon, LLC
hkoroglu@shutts.com, fsantelices@shutts.com;bvelapoldi@shutts.com

Robert L LeHane on behalf of Creditor Brookfield Property REIT Inc.
kdwbankruptcydepartment@kelleydrye.com

Robert L LeHane on behalf of Interested Party Hines Global REIT
kdwbankruptcydepartment@kelleydrye.com

Robert L LeHane on behalf of Interested Party National Retail Properties LP
kdwbankruptcydepartment@kelleydrye.com

Robert L LeHane on behalf of Interested Party ShopCore Properties
kdwbankruptcydepartment@kelleydrye.com

Robert L LeHane on behalf of Interested Party Solaris
kdwbankruptcydepartment@kelleydrye.com

Jaime Burton Leggett on behalf of Debtor CB Theater Experience LLC
jleggett@bastamron.com, jmiranda@bastamron.com

Jaime Burton Leggett on behalf of Debtor Cinemex Holdings USA, Inc.
jleggett@bastamron.com, jmiranda@bastamron.com

Jaime Burton Leggett on behalf of Debtor Cinemex USA Real Estate Holdings, Inc.
jleggett@bastamron.com, jmiranda@bastamron.com

Jaime Burton Leggett on behalf of Interested Party Cinemex Holdings USA, Inc.
jleggett@bastamron.com, jmiranda@bastamron.com

Jerry M Markowitz on behalf of Respondent 1025 W. Addison Street Apartments Owner, LLC
jmarkowitz@mrthlaw.com, ycandia@mrthlaw.com, rrubio@mrthlaw.com, mrthbkc@gmail.com, gruiz@mrthlaw.com, markowitzjr73991@notify.bestcase.com ,jmarkowitz@ecf.courtdrive.com

Ilan Markus on behalf of Creditor Westfield, LLC
imarkus@barclaydamon.com, docketing@barclaydamon.com

Vanessa P Moody on behalf of Creditor Closter Marketplace (EBA), LLC
vmoody@goulstonstorrs.com

Vanessa P Moody on behalf of Creditor WS/CIP II Tampa Owner LLC
vmoody@goulstonstorrs.com

Glenn D Moses, Esq on behalf of Creditor 400 East 62nd Properties, LLC
gmoses@gjb-law.com, gjbecf@gjb-law.com;chopkins@gjb-law.com;vlambdin@gjb-law.com;jzamora@gjb-law.com;gjbecf@ecf.courtdrive.com;ecastellanos@gjb-law.com

Glenn D Moses, Esq on behalf of Creditor Brickell City Retail LLC
gmoses@gjb-law.com, gjbecf@gjb-law.com;chopkins@gjb-law.com;vlambdin@gjb-law.com;jzamora@gjb-law.com;gjbecf@ecf.courtdrive.com;ecastellanos@gjb-law.com

Glenn D Moses, Esq on behalf of Creditor Simon Capital GP
gmoses@gjb-law.com, gjbecf@gjb-law.com;chopkins@gjb-law.com;vlambdin@gjb-law.com;jzamora@gjb-law.com;gjbecf@ecf.courtdrive.com;ecastellanos@gjb-law.com

Glenn D Moses, Esq on behalf of Creditor Simon Property Group, Inc.
gmoses@gjb-law.com, gjbecf@gjb-law.com;chopkins@gjb-law.com;vlambdin@gjb-law.com;jzamora@gjb-law.com;gjbecf@ecf.courtdrive.com;ecastellanos@gjb-law.com

Glenn D Moses, Esq on behalf of Interested Party Brookfield Property REIT
gmoses@gjb-law.com, gjbecf@gjb-law.com;chopkins@gjb-law.com;vlambdin@gjb-law.com;jzamora@gjb-law.com;gjbecf@ecf.courtdrive.com;ecastellanos@gjb-law.com

Glenn D Moses, Esq on behalf of Interested Party CRP/TRC Leesburg Retail Owner, L.L.C.
gmoses@gjb-law.com, gjbecf@gjb-law.com;chopkins@gjb-law.com;vlambdin@gjb-law.com;jzamora@gjb-law.com;gjbecf@ecf.courtdrive.com;ecastellanos@gjb-law.com

Glenn D Moses, Esq on behalf of Interested Party Grande Rotunda, LLC
gmoses@gjb-law.com, gjbecf@gjb-law.com;chopkins@gjb-law.com;vlambdin@gjb-law.com;jzamora@gjb-law.com;gjbecf@ecf.courtdrive.com;ecastellanos@gjb-law.com

Glenn D Moses, Esq on behalf of Interested Party Hines Global REIT
gmoses@gjb-law.com, gjbecf@gjb-law.com;chopkins@gjb-law.com;vlambdin@gjb-law.com;jzamora@gjb-law.com;gjbecf@ecf.courtdrive.com;ecastellanos@gjb-law.com

Glenn D Moses, Esq on behalf of Interested Party National Retail Properties LP
gmoses@gjb-law.com, gjbecf@gjb-law.com;chopkins@gjb-law.com;vlambdin@gjb-law.com;jzamora@gjb-law.com;gjbecf@ecf.courtdrive.com;ecastellanos@gjb-law.com

Glenn D Moses, Esq on behalf of Interested Party ShopCore Properties
gmoses@gjb-law.com, gjbecf@gjb-law.com;chopkins@gjb-law.com;vlambdin@gjb-law.com;jzamora@gjb-law.com;gjbecf@ecf.courtdrive.com;ecastellanos@gjb-law.com

Glenn D Moses, Esq on behalf of Interested Party Solaris
gmoses@gjb-law.com, gjbecf@gjb-law.com;chopkins@gjb-law.com;vlambdin@gjb-law.com;jzamora@gjb-law.com;gjbecf@ecf.courtdrive.com;ecastellanos@gjb-law.com

Glenn D Moses, Esq on behalf of Interested Party Wheeling Commercial Development, LLC
gmoses@gjb-law.com, gjbecf@gjb-law.com;chopkins@gjb-law.com;vlambdin@gjb-law.com;jzamora@gjb-law.com;gjbecf@ecf.courtdrive.com;ecastellanos@gjb-law.com

Kevin S Neiman on behalf of Creditor NWWP LP
kevin@ksnpc.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Kristen N Pate on behalf of Creditor Brookfield Property REIT Inc.
bk@brookfieldpropertiesretail.com

Stephen B Porterfield, Esq on behalf of Creditor Cobb Lakeside, LLC and Cobb Theaters III, LLC
sporterfield@sirote.com

Anthony Princi on behalf of Creditor Paragon Entertainment Holdings, LLC
anthonyprinci3rd@gmail.com

Jordan L Rappaport, Esq on behalf of Creditor AIR SOUTH MECHANICAL, INC.
office@rorlawfirm.com, 1678370420@filings.docketbird.com

Ryan C Reinert on behalf of Creditor GT RP Halcyon, LLC
rreinert@shutts.com, juanitasanchez@shutts.com

Edwin G. Rice on behalf of Creditor Entertainment Supply & Technologies, LLC
erice@babc.com, ddecker@babc.com;dmills@babc.com

Brian G Rich on behalf of Attorney The Official Committee of Unsecured Creditors of CB Theater Experience LLC
brich@bergersingerman.com, efile@bergersingerman.com; jbullock@bergersingerman.com; efile@ecf.inforuptcy.com

Ariel Rodriguez on behalf of U.S. Trustee Office of the US Trustee
ariel.rodriguez@usdoj.gov

Alan R Rosenberg on behalf of Respondent 1025 W. Addison Street Apartments Owner, LLC
arosenberg@mrthlaw.com, gruiz@mrthlaw.com, jgarey@mrthlaw.com, ycandia@mrthlaw.com, mrthbkc@gmail.com

David L Rosendorf, Esq on behalf of Creditor NWWP LP
dlr@kttlaw.com, rcp@kttlaw.com;ycc@kttlaw.com

15

Amelia Toy Rudolph on behalf of Creditor Fuqua BCDC Peachtree Corners Project Owner, LLC
amyrudolph@eversheds-sutherland.com, danielkent@eversheds-sutherland.com;amy-rudolph-1418@ecf.pacerpro.com

Mark A Salzberg on behalf of Interested Party NAB-CDI, LLC, a Michigan LLC, dba CDITech
mark.salzberg@squirepb.com, shannon.munsell@squirepb.com; FLA_DCKT@squirepb.com; Gregory.davis@squirepb.com

Paul Steven Singerman, Esq on behalf of Attorney The Official Committee of Unsecured Creditors of CB Theater Experience LLC
singerman@bergersingerman.com, mdiaz@bergersingerman.com; efile@bergersingerman.com; efile@ecf.inforuptcy.com

David R. Softness on behalf of Creditor Dolphin Mall Associates LLC
david@softnesslaw.com, mari@softnesslaw.com; sam@softnesslaw.com; david@ecf.inforuptcy.com; r44812@notify.bestcase.com

Scott A Stichter on behalf of Creditor Proctor Equipment Company
sstichter.ecf@srbp.com

Patricia B Tomasco on behalf of Debtor CB Theater Experience LLC
pattytomasco@quinnemanuel.com, barbarahowell@quinnemanuel.com; cristinazuniga@quinnemanuel.com; cristinagreen@quinnemanuel.com

Patricia B Tomasco on behalf of Debtor Cinemex Holdings USA, Inc.
pattytomasco@quinnemanuel.com, barbarahowell@quinnemanuel.com; cristinazuniga@quinnemanuel.com; cristinagreen@quinnemanuel.com

Patricia B Tomasco on behalf of Debtor Cinemex USA Real Estate Holdings, Inc.
pattytomasco@quinnemanuel.com, barbarahowell@quinnemanuel.com; cristinazuniga@quinnemanuel.com; cristinagreen@quinnemanuel.com

Patricia B Tomasco on behalf of Interested Party CB Theater Experience LLC
pattytomasco@quinnemanuel.com, barbarahowell@quinnemanuel.com; cristinazuniga@quinnemanuel.com; cristinagreen@quinnemanuel.com

Patricia B Tomasco on behalf of Interested Party Cinemex Holdings USA, Inc.
pattytomasco@quinnemanuel.com, barbarahowell@quinnemanuel.com; cristinazuniga@quinnemanuel.com; cristinagreen@quinnemanuel.com

Ronald M Tucker on behalf of Creditor Simon Property Group, Inc.
rtucker@simon.com, cmartin@simon.com;bankruptcy@simon.com

Jason A. Weber, Esq. on behalf of Creditor Cobb Lakeside, LLC and Cobb Theaters III, LLC
jaw@tblaw.com, aravix@tblaw.com;dbissoondatt@tblaw.com

ACTIVE:12165791.1
15135607v2

Edmund S Whitson, III on behalf of Interested Party Baltimore Gas and Electric Company
edmund.whitson@arlaw.com, madeline.algarin@arlaw.com

Edmund S Whitson, III on behalf of Interested Party Commonwealth Edison Company
edmund.whitson@arlaw.com, madeline.algarin@arlaw.com

Edmund S Whitson, III on behalf of Interested Party Consolidated Edison Company of New York, Inc.
edmund.whitson@arlaw.com, madeline.algarin@arlaw.com

Edmund S Whitson, III on behalf of Interested Party Florida Power & Light Company
edmund.whitson@arlaw.com, madeline.algarin@arlaw.com

Edmund S Whitson, III on behalf of Interested Party Georgia Power Company
edmund.whitson@arlaw.com, madeline.algarin@arlaw.com

Edmund S Whitson, III on behalf of Interested Party Orange and Rockland Utilities, Inc.
edmund.whitson@arlaw.com, madeline.algarin@arlaw.com

Gillian D Williston on behalf of Creditor Liberty Center LLC
gillian.williston@troutman.com, fslecfintake@troutman.com; ethan.ostroff@troutman.com; richard.hagerty@troutman.com; carter.nichols@troutman.com

ACTIVE:12165791.1
15135607v2