UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

CINEMEX USA REAL ESTATE HOLDINGS, INC., CINEMEX HOLDINGS USA, INC., and CB THEATER EXPERIENCE LLC,[1]

    Debtors.
_____/

CINEMEX USA REAL ESTATE HOLDINGS, INC., CINEMEX HOLDINGS USA, INC., and CB THEATER EXPERIENCE LLC,

    Plaintiffs,

vs.

MN THEATERS 2006 LLC,

    Defendant.
_____/

Chapter 11

Case No. 20-14695-LMI

(Jointly Administered)

Adv. No:_____

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Cinemex USA Real Estate Holdings, Inc. ("Cinemex USA"), Cinemex Holdings USA, Inc. ("Cinemex Holdings"), and CB Theater Experience LLC ("CB Theater," and collectively, the Debtors" or "Cinemex"), all of which are Debtors in the above-captioned jointly administered chapter 11 cases (the "Chapter 11 Cases"), file this Complaint for Declaratory and Injunctive

---

[1] The Debtors in these cases and the last four digits of each Debtor's federal tax identification number are as follows: (1) Cinemex USA Real Estate Holdings, Inc. (2194); (2) Cinemex Holdings USA, Inc. (5502); and (3) CB Theater Experience, LLC (0563). The address for the Debtors is 175 South West 7th Street, Suite 1108, Miami, Florida 33130.

Relief (the "Complaint") and allege upon knowledge with respect to their own acts and upon information and belief as to all other matters, as follows:

## I.   NATURE OF THE ACTION

1. The Debtors filed petitions for protection under Chapter 11 of the Bankruptcy Code on April 25, 2020, and April 26, 2020 (the "Petition Dates"). Under section 362 of the Bankruptcy Code, the Debtors' filing triggered the automatic stay against all litigation pending against the Debtors and any and all actions seeking to obtain possession of, or exercise control over, property of their estates.

2. On or about July 28, 2020, MN Theaters 2006 LLC (MN Theaters") filed a lawsuit against Grupo Cinemex, S.A. de C.V. ("Grupo Cinemex") in the United States District Court for the Southern District of New York, Civil Action No. 20-cv-5860 (the "District Court Case").

3. Grupo Cinemex is the parent company of the Debtors and provides the Debtors with post-petition financing in the Chapter 11 Cases. Grupo Cinemex is not a debtor in any bankruptcy case.

4. This adversary proceeding is filed as a direct result of the District Court Case, in which MN Theaters alleges breach of contract and seeks over $58 million in damages and a declaratory judgment against Grupo Cinemex as guarantor of Debtor CB Theater under two leases entered into with MN Theaters (the "Leases"). Notably, this Court previously entered a final order authorizing the Debtors' rejection of the Leases. *See* ECF Nos. 72 and 270.

5. Concurrently with its complaint, MN Theaters also filed under seal an *ex parte* motion for pre-judgment attachment of Grupo Cinemex's property. On July 30, 2020, the District Court entered an Order of Attachment that provides for the levy of Grupo Cinemex's property, including its ownership in the Debtor Cinemex Holdings and its interest in the post-petition financing to the Debtors. By obtaining control over the ownership of one of the Debtors and the

post-petition financing for all of the Debtors, MN Theaters would effectively obtain control over the Debtors and this reorganization.

6. The District Court Case is an obvious effort to end-run around the automatic stay as well as the orders of this Court. Moreover, the continued prosecution of the District Court Case would thwart the Debtors' efforts to reorganize as it will stifle Grupo Cinemex's ability to continue to provide essential financing that the Debtors need to successfully emerge from bankruptcy.

7. The Debtors therefore respectfully request that the Court (a) declare that the automatic stay applies to the entire District Court Case, including the claims against the non-debtor defendant, Grupo Cinemex, or, in the alternative, (b) extend the automatic stay or enjoin MN Theaters from continuing the District Court Case for a limited time period pursuant to section 105(a) of the Bankruptcy Code.

## II. JURISDICTION AND VENUE

8. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b).

9. The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this proceeding to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

10. Venue for this proceeding is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

11. The bases for the relief requested herein are sections 105 and 362 of the Bankruptcy Code; 28 U.S.C. § 2201; Bankruptcy Rules 7001(7), 7001(9), and 7065; and Local Rule 9013-1.

### III. NATURE OF RELIEF REQUESTED

12. The Debtors seek entry of a declaratory judgment pursuant to section 362 of the Bankruptcy Code and Bankruptcy Rules 7001(7) and 7001(9) that the automatic stay applies to the claims against the Debtors and non-debtor defendant Grupo Cinemex in the District Court Case. Alternatively, they seek entry of an order pursuant to section 105 of the Bankruptcy Code and Bankruptcy Rules 7001(7) and 7001(9) extending the automatic stay to Grupo Cinemex until 60 days after the effective date of the Debtors' chapter 11 plan, or a preliminary injunction pausing the prosecution of the entirety of the District Court Case until the earlier of (a) 60 days after the effective date of the Debtors' chapter 11 plan, or (b) 6 months after the entry of the proposed order, without prejudice to extending such time period.

### IV. THE PARTIES

13. Cinemex USA is a Delaware corporation incorporated in 2014. It is based in Miami, Florida and is a privately held corporation.

14. Cinemex Holdings is a Delaware corporation incorporated in 2014. It is based in Miami, Florida and is a privately held corporation.

15. CB Theater is a Delaware corporation incorporated in 2017. It is based in Miami, Florida and is a privately held corporation.

16. MN Theaters is a limited liability company organized and existing under the laws of Minnesota. It is wholly owned by iStar Inc., a corporation organized and existing under the laws of Maryland with its principal place of business in New York. MN Theaters may be served through its attorneys, Scott A. Edelman, Jed M. Schwartz, and Joseph J. Kammerman, Milbank LLP, 55 Hudson Yards, New York, New York 10001.

## V. FACTUAL BACKGROUND

**The Chapter 11 Filing**

17. On April 25, 2020, Cinemex USA and Cinemex Holdings filed for bankruptcy under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in this Court. On April 26, 2020, CB Theater also filed for bankruptcy under chapter 11 in this Court. The Debtors are authorized to continue to operate their businesses and manage their properties as debtors-in-possession. No examiner or trustee has been appointed in the Chapter 11 Cases.

18. Cinemex is in the movie theater business and is based in Miami, Florida. At the time of the bankruptcy filing, Cinemex operated 41 movie theaters in dozens of cities in 12 states, including Florida.[2] The theaters operate under the brand name "CMX Cinemas."

19. Since mid-March 2020, the unprecedented worldwide pandemic resulting from the spread of the 2019 coronavirus has substantially and adversely affected Cinemex and its operations along with the rest of the movie theater industry, as well as traditional "brick and mortar" retail operations.

20. Cinemex's entire operations have grounded to a halt. At present, and for the immediate foreseeable future, all of the theaters are shut down, employees have been laid off, and Cinemex has not received any revenues from movie sales since on or around March 20, 2020. Because the duration of the coronavirus pandemic is presently unknown, Cinemex, as all other movie theater operators, expects demand to remain weak to non-existent for the near future, to the extent that Cinemex's theaters are permitted to operate. Even if Cinemex is able to reopen some

---

[2] Since the beginning of the bankruptcy cases, Cinemex has filed six motions to reject leases and numerous leases have been rejected by order of this Court.

of its theaters in the late summer/early fall, it is uncertain as to whether customers will start going out to see movies in the theater given the continued risk of becoming infected with COVID-19.

21. Cinemex has been, and is making, immediate and significant changes to its operations to adjust to the precipitous decline in revenue. Cinemex has reduced its operating expenses and improved its cash flow. As part of these measures, Cinemex filed these Chapter 11 Cases to preserve its assets for its creditors.

22. Additionally, Cinemex has filed a number of motions seeking authorization to reject certain leases associated with theaters in locations that were not performing up to expectations even prior to the coronavirus pandemic. Such leases, including the two Leases at issue in the District Court Case, were an economic burden that would impede a successful reorganization. On May 8, 2020, this Court granted Cinemex's motion to reject the Leases on an interim basis. *See* ECF No. 72. On June 8, 2020, this Court granted the motion on a final basis. *See* ECF No. 270.

23. On July 2, 2020, MN Theaters filed a proof of claim (Claim No. 28-1) in the Case No. 20-14699-LMI, claiming rejection damages against CB Theater claiming (i) $4,611,523.65 for the Burnsville Lease and (ii) $2,680,075.99 for the Chateau Lease for a total claim of $7,291,599.65. As such MN Theaters has submitted to the jurisdiction of this Court.

**The DIP Loan**

24. On May 5, 2020, the Debtors filed an Emergency Motion (I) for Authorization to Obtain Post-Petition Unsecured Financing Pursuant to 11 U.S.C. §§ 105, 361, 362 and 364; and (II) Scheduling a Final Hearing Under Bankruptcy Rule 4001 (the "DIP Motion"), in which they sought entry of an interim and final order authorizing post-petition financing from Grupo Cinemex of one or more interim initial advances of $1,920,000 to cover (a) payment of insurance, utilities

and taxes to local and state taxing authorities; (b) payment of post-petition corporate payroll and expenses; (c) expenses related to rejection of leases; and (d) payment of certain of the costs of administration of the Debtors' chapter 11 cases, as set forth in the Debtors' budget. *See* ECF No. 58.

25. This Court entered an Interim Order granting the DIP Motion on May 18, 2020, and a Final Order on June 5, 2020. *See* ECF Nos. 114, 249.

26. On June 1, 2020, the Debtors filed a Second Emergency Motion (I) for Authorization to Obtain Post-Petition Unsecured Financing Pursuant to 11 U.S.C. §§ 105, 361, 362 and 364; and (II) Scheduling a Final Hearing Under Bankruptcy Rule 4001 (the "Second DIP Motion"), in which they sought entry of an interim and final order authorizing additional post-petition financing from Grupo Cinemex of up to $9.7 million to cover (a) payment of insurance, utilities and taxes to local and state taxing authorities; (b) payment of post-petition corporate payroll and expenses; (c) expenses related to rejection of leases; and (d) payment of certain of the costs of administration of the Debtors' chapter 11 cases, as set forth in the Debtors' budget. *See* ECF No. 221. In the Second DIP Motion, the Debtors additionally stated that Grupo Cinemex has advised them that it will provide financing in the amount of $20 to $30 million if the Debtors propose a viable business plan incorporating binding term sheets to modify their lease obligations that are acceptable to Grupo Cinemex. *Id.* ¶ 13.

27. On July 7, 2020, the Court granted the Second DIP Motion. *See* ECF No. 363. The Order included a requirement that the Debtors draw down $6,900,154 from the DIP loan, which amount is allocated in the Budget to pay the Debtors' deferred May and June rent, and hold those funds in escrow until either the Court enters a final order authorizing the Debtors to assume or reject an applicable lease, or a landlord under an applicable lease consents to the Debtors'

expenditure of the applicable portion of the earmarked money. *Id.* ¶ 12. Based on the amended lease terms negotiated so far, the Debtors were well on their way to reopening around Labor Day Weekend and were in the midst of drafting their plan of reorganization as of July 18, 2020, as stated on the record at the July 30, 2020 hearing on various motions. *See,* 7/30/2020 Hr'g Tr. pp. 15-17.

**The District Court Case**

28. On or about July 28, 2020, MN Theaters filed a complaint against Grupo Cinemex in the United States District Court for the Southern District of New York (the "District Court"), Case No. 20 CV 5860, for breach of contract and declaratory judgment (the "Complaint").

29. The District Court Case concerns two Leases between MN Theaters, as landlord, and Cinemex Stratford, LLC ("Cinemex Stratford"), a wholly-owned subsidiary of Debtor Cinemex Holdings, as tenant.

30. Grupo Cinemex provided MN Theaters with guaranties of Cinemex Stratford's obligations under the Leases (the "Guarantees"). The Leases were subsequently assigned to Debtor CB Theater, while the Guarantees remained intact.

31. The Complaint alleges that in April 2020, CB Theater defaulted on the Leases for failure to pay, and that as a result of such failure to pay, together with the Debtors' rejection of the Leases, which it also alleges is a default, MN Theaters has been damaged in the amount of $58,318,225.94.

32. Concurrently with the filing of the Complaint, MN Theaters also filed under seal an *ex parte* motion for attachment and for discovery, which the District Court granted on July 30, 2020 (the "Attachment Order").[3] The Attachment Order provides for the levy upon Grupo

---

[3] Because the Motion was filed under seal, the Debtors have not been able to review it.

Cinemex's property, including its ownership interest in Debtor Cinemex Holdings, its property rights in the DIP Loan totaling $11.6 million, and its property rights in any additional debtor-in-possession loans that have been made or any loan made in the future.

33.     The District Court Case violates the automatic stay because it limits the Debtors' access to post-petition financing, which is property of the Debtors' estate.  In addition, it is an attempt by MN Theaters to circumvent this Court's order authorizing rejection of the Leases, the damages from which, instead of being recovered through litigation, should be paid through a creditor-approved plan of reorganization.  Moreover, MN Theaters' attempt to take control of the Debtors' post-petition financing is a knowing and willful effort to restrict the Debtors' access to necessary funding and place this entire reorganization effort in jeopardy.  As such, the District Court Case is actually a lawsuit targeting the Debtors and this estate; the lawsuit violates the automatic stay.

34.     Even if the lawsuit does not violate the automatic stay, it will severely restrict the Debtors' ability to reorganize through the Chapter 11 proceeding, because the restraints on Grupo Cinemex will limit or eliminate the Debtors' access to the financing necessary to resume operations and emerge from Chapter 11.  Without this financing, the Debtors will be left without the funding necessary to pay insurance, utilities, and taxes, corporate payroll and expenses, expenses associated with the assumption of leases and resumption of operations, and administration costs; furthermore, they will be left without a potential investor that may ultimately finance their emergence out of bankruptcy.  As a result, all creditors of the Debtors' estates will be harmed.

## VI. FIRST CLAIM FOR RELIEF
(Section 362 – Declaratory Judgment)

35. The Debtors repeat and re-allege Paragraphs 1 – 34 of this Complaint as if fully set forth herein.

36. This is an action for declaratory relief brought pursuant to pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, section 362 of the Bankruptcy Code, rules 7001(7) and 7001(9) of the Federal Rules of Bankruptcy Procedure, and rule 57 of the Federal Rules of Civil Procedure. The Debtors seek an order that declares that the automatic stay applies to all claims against Grupo Cinemex in the District Court Case pending in the United States District Court for the Southern District of New York. Because the DIP Loan and the proceeds therefore that has been attached pursuant to the Attachment Order, as well as any future post-petition financing provided by Grupo Cinemex to the Debtors, is property of the Debtors and their estates, the automatic stay must apply to prevent the interference with the Debtors' restructuring efforts. Permitting MN Theaters to continue exercising control over current and future DIP Loan rights places the Debtors' reorganization efforts in serious jeopardy. MN Theaters seeks a judgment of over $56,318,226.94 (representing all of the rent due under the lease without mitigation, offset or defenses) against Grupo Cinemex. As allowing the District Court Case to continue will negatively impact and diminish property of the estates, and possibly derail the Chapter 11 Cases, the automatic stay should apply to the District Court Case in its entirety.

37. Accordingly, the Debtors seek entry of a declaratory judgment finding that the District Court Case violates the automatic stay, and, as a result, is void *ab initio*.

## VII. SECOND CLAIM FOR RELIEF
(Section 105 – Injunctive Relief)

38. The Debtors repeat and re-allege paragraphs 1 – 37 of this Complaint as if fully set forth herein.

39.     Section 105(a) of the Bankruptcy Code authorizes the Court to issue "any order, process or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).

40.     The Debtors will suffer irreparable harm absent the relief sought herein.  If the claims of MN Theaters are not stayed, the District Court Case will interfere with the commitment and obligation of Grupo Cinemex to fund the DIP Loan, which will preclude the Debtors from making payments necessary to maintain operations while in chapter 11.  Moreover, as Grupo Cinemex has expressed a willingness to fund a plan of reorganization, the District Court Case will impede the Debtors' ability to successfully emerge from Chapter 11 by eliminating one significant source of funds and future restructuring outcomes.

41.     The irreparable harm to the Debtors from permitting the litigation to continue against Grupo Cinemex far outweighs any risk of harm to MN Theaters should the Court temporarily enjoin the District Court Case.  A trial and final judgment in the District Court is at least many months away.  In comparison to this lengthy process, the Debtors' requested stay is temporary.  Moreover, a delay in levy in the DIP financing presents no risk to MN Theaters, because no repayment of the DIP financing will occur prior to confirmation of the Debtor's plan.  Furthermore, MN Theaters is likely to recover at least some portion of its alleged damages through this Chapter 11 case. As such, the Chapter 11 process will necessarily impact MN Theaters' ultimate judgment against Grupo Cinemex.  Accordingly, the balance of the equities supports an injunction.

42.     This Court has the authority to grant a preliminary injunction.  In addition, for the reasons stated above, there is a substantial likelihood that the Debtors will prevail on the merits of

their request for declaratory relief. There also is a substantial likelihood that the Debtors will prevail in their ultimate reorganization.

43. Finally, the injunctive relief will serve the public interest by promoting the Debtors' speedy and successful conclusion of these bankruptcy proceedings, which benefits all creditors and other stakeholders, including MN Theaters. In addition, enjoining the District Court Case would avoid duplicative and inefficient litigation of MN Theaters' intertwined claims.

## VIII.  PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, the Debtors respectfully request the following relief:

(a) entry of a declaratory judgment pursuant to section 362 of the Bankruptcy Code and Bankruptcy Rules 7001(7) and 7001(9) that the automatic stay applies to the District Court Case and the efforts of MN Theaters to exercise control over Grupo Cinemex and the DIP Loan, rendering those efforts, the entire District Court Case, void *ab initio*; or

(b) in the alternative, entry of an order pursuant to section 105 of the Bankruptcy Code and Bankruptcy Rules 7001(7), 7001(9), and 7065 extending the automatic stay to Grupo Cinemex until the effective date of the plan, or a preliminary injunction pausing the prosecution of the entirety of the District Court Case until the earlier of (a) 60 days after the effective date of the Debtors' chapter 11 plan, or (b) 6 months after the entry of the proposed order, without prejudice to extending such time period; and

(c) all such other relief as the Court may find just and proper.

Respectfully submitted this 17th day of August, 2020.

>BAST AMRON LLP
>One Southeast Third Avenue, Suite 1400
>Sun Trust International Center
>Miami, Florida 33131
>Telephone: 305-379-7904
>Facsimile: 305-379-7905
>Email: jbast@bastamron.com
>Email: bamron@bastamron.com
>Email: jleggett@bastamron.com
>
>By:  */s/  Jeffrey P. Bast*
>     Jeffrey P. Bast (FBN 996343)
>     Brett M. Amron (FBN 148342)
>     Jaime B. Leggett (FBN 1016485)
>
>-and-
>
>QUINN EMANUEL URQUHART & SULLIVAN, LLP
>Eric Winston (admitted *pro hac vice*)
>865 S. Figueroa Street, 10th Floor
>Los Angeles, California 90017
>Telephone: 213-443-3000
>Facsimile: 213-443-3100
>Email: ericwinston@quinnemanuel.com
>
>-and-
>
>Juan P. Morillo (FBN 135933)
>1300 I Street, NW, Suite 900
>Washington, D.C.  20005
>Telephone: 202-538-8000
>Facsimile: 202-538-8100
>Email: juanmorillo@quinnemanuel.com
>
>-and-
>
>Patricia B. Tomasco (admitted *pro hac vice*)
>711 Louisiana Street, Suite 500
>Houston, Texas 77002
>Telephone: 713-221-7000
>Facsimile: 713-221-7100
>Email: pattytomasco@quinnemanuel.com
>
>COUNSEL FOR CINEMEX USA REAL ESTATE HOLDINGS, INC., CINEMEX HOLDINGS USA, INC., and CB THEATER EXPERIENCE LLC