UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

CINEMEX USA REAL ESTATE   Chapter 11
HOLDINGS, INC., CINEMEX HOLDINGS
USA, INC., and CB THEATER   Case No. 20-14695-LMI
EXPERIENCE LLC,[1]

(Jointly Administered)

    Reorganized Debtors.

_____/

**OBJECTION TO CLAIM NO. 89 OF TOR CONSTRUCTION CO., INC.**
*(Objection to Claim Classification)*

> **IMPORTANT NOTICE TO CREDITOR:**
> **THIS IS AN OBJECTION TO YOUR CLAIM**
>
> This objection seeks either to disallow or reduce the amount or change the priority status of the claim filed by you or on your behalf. Please read this objection carefully to identify which claim is objected to and what disposition of your claim is recommended.
>
> If you disagree with the objection or the recommended treatment, you must file a written response WITHIN 30 DAYS from the date of service of this objection, explaining why your claim should be allowed as presently filed, and you must serve a copy to the undersigned attorney OR YOUR CLAIM MAY BE DISPOSED OF IN ACCORDANCE WITH THE RECOMMENDATION IN THIS OBJECTION.
>
> If your entire claim is objected to and this is a chapter 11 case, you will not have the right to vote to accept or reject any proposed plan of reorganization until the objection is resolved, unless you request an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing your claim for voting purposes. The written response must contain the case name, case number, and must be filed with the Clerk of the United States Bankruptcy Court, C. Clyde Atkins United States Courthouse, 301 North Miami Avenue, Room 150, Miami, Florida 33128.

---

[1] The Reorganized Debtors in these cases and the last four digits of each Reorganized Debtor's federal tax identification number are as follows: (1) Cinemex USA Real Estate Holdings, Inc. (2194); (2) Cinemex Holdings USA, Inc. (5502); and (3) CB Theater Experience, LLC (0563). The address for the Reorganized Debtors is 175 Southwest 7th Street, Suite 1108, Miami, Florida 33130.

09923-00001/12642715.1

Cinemex USA Real Estate Holdings, Inc. ("Cinemex USA"), Cinemex Holdings USA, Inc. ("Cinemex Holdings"), and CB Theater Experience LLC ("CB Theater," and collectively, the "Reorganized Debtors" or "Cinemex"), all of which are the Reorganized Debtors in the above-captioned jointly administered confirmed chapter 11 cases (the "Chapter 11 Cases"), through undersigned counsel and pursuant to section 502(b) of title 11, United States Code (the "Bankruptcy Code"), rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 3007-1 of the Local Bankruptcy Rules for the Southern District of Florida (the "Local Bankruptcy Rules"), hereby object to the following claim filed in these cases and seek to reclassify it from a secured to a general unsecured claim, for the reasons set forth in the table below and discussed in further detail in the Objection:

| Claim No. | Name of Claimant | Amount of Claim | Basis for Objection | Recommended Disposition |
|---|---|---|---|---|
| 89 | TOR Construction Co., Inc. | $491,569.23 | No collateral; satisfaction | Reclassify as general unsecured |

## I.     RELIEF REQUESTED

1.     The Reorganized Debtors request entry of an order, substantially in the form attached hereto as **Exhibit A**, pursuant to Bankruptcy Code section 502(b), rule 3007 of the Bankruptcy Rules, and rule 3007-1 of the Local Bankruptcy Rules, reclassifying from secured to general unsecured Claim No. 89 of TOR Construction Co., Inc. (the "Asserted Secured Claim"), without prejudice to any other objections to claim that could be brought against the Asserted Secured Claim.

## II.     JURISDICTION AND VENUE

2.     The United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court") has jurisdiction over this matter pursuant to 28 U.S.C. Sections 157 and

1334 as well as the retention of jurisdiction provisions found in (i) the Court's order confirming the Debtors' plan of reorganization (ECF No. 936) (the "Confirmation Order") and (ii) the confirmed plan of reorganization (ECF No. 779) (the "Plan"). This matter is a core proceeding within the meaning of 28 U.S.C. Section 157(b)(2).

3. Venue is proper pursuant to 28 U.S.C. Sections 1408 and 1409.

4. The bases for the relief requested in this Objection are sections 105(a) and 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Bankruptcy Rule 3007-1.

### III. FACTUAL HISTORY

**A.  The Bankruptcy**

5. On April 25, 2020, Cinemex USA and Cinemex Holdings filed for bankruptcy under chapter 11 of title 11 of the Bankruptcy Code in this Court. On April 26, 2020 (together with April 25, 2020, the "Petition Dates"), CB Theater also filed for bankruptcy under chapter 11 in this Court.

6. The deadline to file proofs of claim was set as July 6, 2020.

7. Cinemex is in the movie theater business and is based in Miami, Florida. At the time of the filing of this case, Cinemex operated 41 movie theaters in dozens of cities in 12 states, including Florida. The theaters operate under the brand name "CMX Cinemas."

8. On November 25, 2020, the Court entered the Confirmation Order. Pursuant to the Confirmation Order (at Paragraph 132), the Reorganized Debtors[2] have the sole authority to bring objections to secured claims. The Reorganized Debtors have 180 days from the Effective Date (as defined in the Plan), which occurred on December 18, 2020, to bring objections to secured claims.

---

[2] "Reorganized Debtors" is defined in the Plan as "the Debtors, as reorganized pursuant to and under the Plan or any successor thereto, by merger, consolidation, or otherwise, on or after the Effective Date."

B. **The Asserted Secured Claim**

9. On July 6, 2020, TOR Construction Co., Inc. filed Proof of Claim No. 89 in Case No. 20-14695, alleging a secured claim against Debtors CB Theater and Cinemex Holdings in the amount of $491,569.23. The proof of claim states that $470,206.34 of the Asserted Secured Claim is secured by a mechanic's lien relating to 1025 W. Addison Street, Third Floor, Chicago, Illinois 60613 (the "Addison Property") and $21,362.89 of the Asserted Secured Claim is secured by a mechanic's lien relating to One Wheeling Town Center, 375 W. Dundee Road, Wheeling, Cook County, Illinois 60090 (the "Wheeling Property").

10. According to the proof of claim, TOR Construction performed work on the Wheeling Property as a subcontractor for the general contractor, Twin Shores Management LLC (the "General Contractor").

C. **The Addison Property**

11. As set forth in the *Stipulation Regarding Debtors' Motion to Reject Lease with 1035 W. Addison Street Apartments Owner, LLC* between the Debtors and the owner of the Addison Property (ECF No. 228), 1025 W. Addison Street Apartments Owner, LLC (the "Addison Lessor") is the owner of the Addison Property and was a lessor of the Addison Property pursuant to a lease dated July 3, 2014 (the "Addison Lease").

12. On April 30, 2020, the Debtors moved to reject the Addison Lease (ECF No. 29).

13. On May 7, 2020, the Court entered an order granting the Debtors' motion to reject the Addison Lease (ECF No. 72).

14. Pursuant to the Confirmation Order (at Paragraph 144), the Debtors are deemed not to assume unexpired leases that were previously rejected.

15. On November 19, 2019, the Debtors filed the Assumed Executory Contract and Unexpired Lease List (the "Assumption List") as Exhibit B to the Plan Supplement for the Plan (ECF No. 885). The Assumption List does not include the Addison Lease.

**D.    The Wheeling Property**

16. On November 20, 2020, the Court entered its *Agreed Order Withdrawing Second Motion to Reject Executory Contracts Effective as of Date of Motion (ECF No. 799) and Assuming Lease as Amended with Respect to Wheeling Commercial Development, LLC* (ECF No. 905) (the "Wheeling Assumption Order").

17. Pursuant to the Wheeling Assumption Order, the Debtors provided sufficient cure payments predicate to the assumption of the Wheeling Property (the "Wheeling Lease") as amended to provide for the Debtors to remove the mechanic's liens on the Wheeling Property.

18. Notwithstanding assumption or rejection, however, the Asserted Secured Claim does not attach to property of the estate, and as such is not a secured claim under the Plan or the Bankruptcy Code.

## IV.    OBJECTION

19. Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under Section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). As set forth in Bankruptcy Rule 3001(f), a properly executed and filed proof of claim constitutes *prima facie* evidence of the validity and amount of the claim under Section 502(a) of the Bankruptcy Code. However, a claimant's proof of claim is entitled to the presumption of *prima facie* validity only until the debtor effectively rebuts the presumption of validity. *In re Santiago*, 404 B.R. 564, 570 (Bankr. S.D. Fla. 2009). The burden of proof then shifts to the creditor. *Id.*

20. By this Objection, the Reorganized Debtors seek to reclassify the Asserted Secured Claim from secured to general unsecured. For the Addison Lease, Illinois mechanics' lien law specifies that the mechanic's lien attaches to real property only: "Any [contractor] has a lien upon the whole of such lot or tract of land and upon adjoining or adjacent lots or tracts of land of such owner . . . for the amount due to him or her for the material, fixtures, apparatus, machinery, services or labor . . . ." Illinois Mechanics Lien Act, 770 ILCS 60/0.01, *et seq*. The Illinois law applicable here does not provide for any lien on the Debtors' personal property, and the Addison Lease has been rejected by a final order. "It is a fundamental principle of bankruptcy law that a creditor cannot hold a secured claim in the case unless its collateral is property of the estate." *In re Paul*, 534 B.R. 430, 434 (Bankr. M.D. Ga. 2015). *See also In re Walker*, No. 4:03-BK-17741E, 2003 WL 22794522, at *2 (Bankr. E.D. Ark. Oct. 31, 2003), *Magna Bank v. Gilsinn*, 224 B.R. 710 (Bankr. E.D. Mo. 1997); *In re Gabor*, 155 B.R. 391 (Bankr. N.D. W. Va. 1993); *In re Elliot*, 64 B.R. 429 (Bankr. W.D. Mo. 1986).

21. For the Wheeling Lease, even if there were collateral, any secured claim was satisfied and released pursuant to the Plan as the Wheeling Lease was assumed and cured, with sufficient proceeds to pay the General Contractor's claim in full, which subsumes the various claims of the subcontractors within it. As set forth more fully below, this Objection is without prejudice to seeking reduction of the claim after reclassification to reflect this satisfaction.

## V. RESERVATION OF RIGHTS

22. This Objection is limited to the grounds stated herein. Accordingly, it is without prejudice to the rights of the Reorganized Debtors, the GUC Trustee, or any other party in interest to object to any claim on any grounds whatsoever, and the Reorganized Debtors expressly reserve all further substantive or procedural objections they may have. The

Reorganized Debtors expressly reserve the right to further amend, modify, or supplement this Objection and to file additional substantive or non-substantive objections to the Claim. Should one or more grounds of objection set forth in this Objection be overruled, the Reorganized Debtors reserve the right to object to the Claim on any other applicable ground. The Reorganized Debtors also expressly reserve the right to raise further objections, including objections under Section 502(d) of the Bankruptcy Code.

23. Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of any party's right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Objection or any order granting the relief requested by this Objection; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to Section 365 of the Bankruptcy Code; or (f) a waiver of the Reorganized Debtors' rights under the Bankruptcy Code or any other applicable law.

### VI.    NOTICE

24. The Reorganized Debtors will provide notice of this Objection to: (a) the Office of the United States Trustee for the Southern District of Florida; (b) the entity filing the Claim and its counsel, if any; and (c) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Reorganized Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### VII.    CONCLUSION

WHEREFORE, the Reorganized Debtors respectfully request entry of an Order substantially in the form attached hereto as **Exhibit A**, (a) sustaining the instant Objection; (b)

reclassifying from secured to general unsecured Claim No. 89 of TOR Construction Co., Inc.; and (c) granting any and further relief as the Court deems just and proper.

Respectfully submitted this 13th day of April, 2021.

        QUINN EMANUEL URQUHART & SULLIVAN, LLP

        Patricia B. Tomasco (admitted *pro hac vice*)
        Joanna Diane Caytas (admitted *pro hac vice*)
        711 Louisiana Street, Suite 500
        Houston, Texas 77002
        Telephone: 713-221-7000
        Facsimile: 713-221-7100
        Email: pattytomasco@quinnemanuel.com
        Email: joannacaytas@quinnemanuel.com

        By: /s/ *Patricia B. Tomasco*
            Patricia B. Tomasco (admitted *pro hac vice*)

        -and-

        Eric Winston (admitted *pro hac vice*)
        865 S. Figueroa Street, 10th Floor
        Los Angeles, California 90017
        Telephone: 213-443-3000
        Facsimile: 213-443-3100
        Email: ericwinston@quinnemanuel.com

        -and-

        Juan P. Morillo (FBN 135933)
        1300 I Street, NW, Suite 900
        Washington, D.C. 20005
        Telephone: 202-538-8000
        Facsimile: 202-538-8100
        Email: juanmorillo@quinnemanuel.com

        -and-

BAST AMRON LLP

Jeffrey P. Bast (FBN 996343)
Brett M. Amron (FBN 148342)
Jaime B. Leggett (FBN 1016485)
One Southeast Third Avenue, Suite 1400
Sun Trust International Center
Miami, Florida 33131
Telephone: 305-379-7904
Facsimile: 305-379-7905
Email: jbast@bastamron.com
Email: bamron@bastamron.com
Email: jleggett@bastamron.com

COUNSEL FOR CINEMEX USA REAL
ESTATE HOLDINGS, INC., CINEMEX
HOLDINGS USA, INC., AND CB
THEATER EXPERIENCE LLC

# **EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

CINEMEX USA REAL ESTATE  　　　　　　　Chapter 11
HOLDINGS, INC., CINEMEX HOLDINGS
USA, INC., and CB THEATER  　　　　　　　Case No. 20-14695-LMI
EXPERIENCE LLC,[1]

　　　　　　　　　　　　　　　　　　　　(Jointly Administered)
　　　Reorganized Debtors.
_____/

# ORDER GRANTING DEBTORS' CLASSIFICATION OBJECTION TO CLAIM NO. 89 OF TOR CONSTRUCTION CO., INC.

This matter having been considered without hearing upon the objection (ECF No. ___) (the "Objection") of the Reorganized Debtors to Claim No. 89 of TOR Construction Co., Inc., and the objector by submitting this form of order having represented that the Objection was served on the parties listed below, that the 30-day response time provided by Local Rule 3007-1(D) has

---

[1] The Reorganized Debtors in these cases and the last four digits of each Reorganized Debtor's federal tax identification number are as follows: (1) Cinemex USA Real Estate Holdings, Inc. (2194); (2) Cinemex Holdings USA, Inc. (5502); and (3) CB Theater Experience LLC (0563). The address for the Reorganized Debtors is 175 South West 7th Street, Suite 1108, Miami, Florida 33130.

09923-00001/12642740.1

expired, that no one listed below has filed, or served on the objector, a response to the Objection, and that the relief to be granted in this Order is the identical relief requested in the Objection, and this Court having considered the bases for the Objection to the Claim, it is

ORDERED that the Reorganized Debtors' Objection to the following claim is sustained as set forth herein:

1. Claim No. 89 of TOR Construction is reclassified from a secured to general unsecured claim in its entirety for the reasons set forth in the Objection; and

2. The Clerk of the Court and the Debtors' claims agent are authorized and directed to update the claims register maintained in these chapter 11 cases to reflect the relief granted in this Order.

# # #

Submitted By:
Jeffrey P. Bast
Bast Amron LLP
One Southwest Third Avenue
Suite 1400
Miami, Florida 33131
Telephone: 305-379-7904
Email: jbast@bastamron.com

-and-

Patricia B. Tomasco
Quinn Emanuel Urquhart & Sullivan, LLP
711 Louisiana, Suite 500
Houston, Texas 77002
Telephone: 713-221-7100
Email: pattytomasco@quinnemanuel.com

Copies to:

*Attorney Patty Tomasco, who shall serve a copy of this order on all interested parties and file a certificate of service reflecting same.*